**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210498-U

Order filed November 21, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Rock Island County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0498 Circuit No. 18-DT-441 |
| | ) | |
| AUSTIN RAY BARTON, | ) ) | Honorable Clayton R. Lee, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAUGHERITY delivered the judgment of the court.
Presiding Justice O'Brien and Justice Hettel concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   The circuit court failed to ask potential jurors whether they accepted the principles set forth in Illinois Supreme Court Rule 431(b), but this forfeited error is not a reversible plain error.

¶ 2    Defendant, Austin Ray Barton, appeals his conviction for driving under the influence of alcohol (DUI). He contends his conviction should be reversed and the matter remanded for further proceedings because the Rock Island County circuit court failed to comply with Illinois Supreme Court Rule 431(b) (eff. July 1, 2012). We affirm.

¶ 3                                           I. BACKGROUND

¶ 4        The State charged defendant by citation with DUI (625 ILCS 5/11-501(a)(2) (West 2018)). Prior to trial, the State informed the court that the body camera video recording of defendant's arrest had been erased. The court granted defendant's motion to exclude testimony regarding what the body camera footage depicted.

¶ 5        Defendant proceeded to a jury trial. During *voir dire*, the court told one panel of prospective jurors it was going to read the principles of Rule 431(b) and that "I'm going to ask you if you understand and accept the concepts. So, if you do, I would like you to raise your hands." It proceeded to read the principles and after each one asked, "Does everybody understand that?" The court noted for the record that all prospective jurors raised their hands indicating that they understood. When questioning the second panel of prospective jurors, the court told them, "Now, I'm going to go through a few concepts, so I'm going to have you raise your hands if you understand and agree with those or accept those." After each principle, the court asked, "Does everybody understand that?" and again noted that all jurors had raised their hands. The prospective jurors on both panels were accepted and sworn in.

¶ 6        At trial, the State called one witness to testify. Officer Jeff Leonhardt testified that he was dispatched to assist a motorist at approximately 1:41 a.m. on November 19, 2018. He arrived at the scene to find a vehicle in the grass near an exit ramp. A photograph of the vehicle was admitted into evidence and published to the jury. The photograph showed a vehicle in the grass with tire tracks in the snow visible from the exit ramp to the vehicle. Leonhardt testified that another officer was already present and speaking to defendant, who was standing outside the vehicle. No one else was present at the scene. Leonhardt further stated that defendant emitted an odor of an alcoholic beverage and had slurred speech. Leonhardt drove defendant to the police

station, where he assisted defendant inside because he was having trouble walking. Defendant then vomited while waiting to take a Breathalyzer test, which he later refused.

¶ 7 The jury found defendant guilty of DUI. The court sentenced defendant to 12 months' court supervision. Defendant appeals.

¶ 8                                                    II. ANALYSIS

¶ 9 Defendant argues that the court erred by failing to ask the prospective jurors if they understood and accepted the four principles set forth in Rule 431(b). Defendant acknowledges that he failed to properly preserve this issue for appellate review (see *People v. Enoch*, 122 Ill. 2d 176, 186 (1988)) but submits that it is a reversible plain error because the evidence was closely balanced.

¶ 10 The plain error doctrine allows a forfeited error to be reviewed when a "clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant." *People v. Belknap*, 2014 IL 117094, ¶ 48. When determining whether evidence is closely balanced, "a reviewing court must evaluate the totality of the evidence and conduct a qualitative, commonsense assessment of it within the context of the case." *People v. Sebby*, 2017 IL 119445, ¶ 53. The first step in applying the plain error doctrine is to determine if an error occurred. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007).

¶ 11 Rule 431(b) states in part:

> "The court shall ask each potential juror, individually or in a group, whether that juror understands and accepts the following principles: (1) that the defendant is presumed innocent of the charge(s) against him or her; (2) that before a defendant can be convicted the State must prove the defendant guilty beyond a reasonable doubt; (3) that the defendant is not required to offer any evidence on his or her own behalf; and (4) that if a

3

defendant does not testify it cannot be held against him or her; however, no inquiry of a prospective juror shall be made into the defendant's decision not to testify when the defendant objects." Ill. S. Ct. R. 431(b) (eff. July 1, 2012). Strict compliance with the rule is required in that the court must ask each juror whether he or she both understands and accepts each principle. See *People v. Curry*, 2013 IL App (4th) 120724, ¶ 64. After posing the question to each juror, the court must provide an opportunity for the juror to respond. *Id.*

¶ 12      The circuit court here, while initially indicating it was going to ask the prospective jurors if they understood and accepted the principles, only asked whether they could understand the principles. Thus, the court did not comply with Rule 431(b). However, this does not end our inquiry, as reversal is not warranted if the evidence is not closely balanced.

¶ 13      The evidence presented at trial was limited to only one witness and a photograph of the vehicle's location when officers arrived at the scene. This is not a case where there are multiple versions of events with no evidence supporting either version. Instead, we have Leonhardt's unchallenged testimony, corroborated by the photograph of the vehicle. The evidence clearly supports a finding that defendant drove a vehicle while under the influence of alcohol. Therefore, applying a commonsense assessment, we conclude that the evidence was not closely balanced. Thus, the court's Rule 431(b) error is not reversible plain error.

¶ 14                                III. CONCLUSION

¶ 15      The judgment of the circuit court of Rock Island County is affirmed.

¶ 16      Affirmed.